# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Matthew Parker,

                Plaintiff,        Case No. 17-11399

v.                              Judith E. Levy
                                   United States District Judge

Bombardier Recreational Products,
Inc., a foreign corporation, and      Mag. Judge Mona K. Majzoub
BRP Inc., a foreign corporation,

                Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF SCHEDULING ORDER [19]

Plaintiff filed a motion for a ninety-day extension of the scheduling order on January 18, 2019 (Dkt. 19), which defendants opposed. (Dkt. 20.) Plaintiff argues that all discovery deadlines, including the parties' expert reports and fact discovery, should be extended due to the death of his design liability expert and his recent identification of a substitute expert. (Dkt. 19 at 1, 3–4.) Defendants argue that plaintiff has inexcusably delayed in requesting an extension given his knowledge of the expert's death in October of 2018. (Dkt. 20 at 2–5.) In the alternative, defendants

argue that the extension should only apply to deadlines related to the proposed design liability expert. (*Id.* at 2.) Moreover, defendants state that plaintiff has not provided an explanation for his failure to provide the report of another expert, Marie Truman, that satisfies Federal Rule of Civil Procedure 37(c). (*Id.* at 10.) The Court ordered plaintiff to reply (Dkt. 21), and plaintiff did. (Dkt. 22.)

In his reply, plaintiff does not persuasively address why he did not request an extension earlier and whether his failure to disclose Truman's report was substantially justified or harmless under Rule 37(c). As to the first issue, plaintiff merely states that "counsel was unable to obtain a new expert with the proper background." (Dkt. 22 at 4.) He does not offer any explanation why he did not request an extension before two discovery deadlines had passed, however, especially when one of those deadlines pertained to his expert witness reports and Truman's report depends on the design liability expert. Nor does plaintiff show that his failure to provide Truman's report was substantially justified, especially given his lack of explanation for not requesting earlier extension. *See R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 626, 272 (6th Cir. 2010) (citing *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir.

2003)).

Nonetheless, it is undisputed that if plaintiff cannot add his design liability expert, then his case will irreparably suffer because it will be nearly impossible to meet his burden of proof under Michigan's risk-utility analysis for product defect claims. *See Prentis v. Yale Mfg. Co.*, 421 Mich. 670, 692–93 (1984). And although it is an annoyance to defendants, there is no indication that defendants are harmed by an extension of the expert report deadlines. *See* Fed. R. Civ. Pro. 37(c). Therefore, the Court exercises its discretion to grant plaintiff an extension on all expert reports, including Truman's.

Accordingly, plaintiff's motion is **GRANTED IN PART**. Plaintiff shall have until **March 13, 2019** to add Dr. Craig Good as an expert in lieu of Robert Yano and submit Dr. Good's and Truman's reports. Fact discovery shall extend until this date as well.

IT IS SO ORDERED.

Dated: February 20, 2019  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 20, 2019.

s/Karri Sandusky on behalf of
SHAWNA BURNS
Case Manager
